# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2021

Lyle W. Cayce
Clerk

No. 20-10554
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FELIPE PRADO-MONTOYA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-24-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Felipe Prado-Montoya appeals his guilty plea conviction for illegal reentry and the upward variance prison term and the three-year supervised release term that followed. *See* 8 U.S.C. § 1326(a), (b)(1). We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10554

Because it is purely conclusory, unsupported by record citations and legal authorities, and in essence unbriefed, we reject Prado-Montoya's claim that the sentence imposed is substantively unreasonable. Although Prado-Montoya contends that the sentence unreasonably fails to reflect the statutory sentencing factors and is greater than necessary to serve Congress's sentencing objectives, he does not identify any such factors or objectives and discuss them in the context of the facts of his case. We will not search the record to find support for Prado-Montoya's counseled brief. *See Nicholas Acoustics & Specialty Co. v. H & M Const. Co.*, 695 F.2d 839, 847 (5th Cir. 1983); *see also* Fed. R. App. P. 28(a)(8)(A). "Inadequately briefed issues are deemed abandoned." *United States v. Stevens*, 487 F.3d 232, 242 n.1 (5th Cir. 2007). A matter merely mentioned in passing without being developed into an argument is inadequately briefed. *See id.*; *see also United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We do not liberally construe a counseled brief. *Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010).

Additionally, Prado-Montoya contends that his sentence violates due process because it exceeds the statutory maximum for the offense charged in the indictment. In gist, he contends that the indictment did not charge him with having a prior offense and that consequently he was guilty of violating only § 1326(a) and may not have his sentence enhanced under § 1326(b)(1). He correctly concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998), but wishes to preserve it for further review.

AFFIRMED.

2